Kenneth A. Rosen, Esq.
Wojciech F. Jung, Esq.
**LOWENSTEIN SANDLER LLP**
65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500 (Telephone)
973.597.2400 (Facsimile)

*Counsel to Morris BMC Funding, LLC*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>Binder Machinery Co., LLC, *et al.,* [1]<br><br><br>Debtors. | Chapter 11<br><br>Case No. 16-28015 (KCF)<br><br>(Jointly Administration Pending) |

### MORRIS BMC FUNDING, LLC'S LIMITED OBJECTION TO AND RESERVATION OF RIGHTS WITH RESPECT TO THE DEBTORS' FINANCING MOTION

Morris BMC Funding, LLC, individually and on the behalf of Joseph D. Morris ("Morris"), as a creditor and party-in-interest, by and through its undersigned counsel, submits this limited objection to and reservation of rights (the together, the "Objection") with respect to the *Motion Seeking Interim And Final Orders Pursuant To 11 U.S.C. §§ 105, 361, 362, 363, 364, And 507 And Fed. R. Bankr. P. 2002, 4001 And 9014 (I) Authorizing Debtors And Debtors In Possession To Obtain Postpetition Financing, (II) Authorizing Use Of Cash Collateral, (III) Granting Liens And Super-Priority Claims, (IV) Granting Adequate Protection To Prepetition Secured Lenders, (V) Modifying The Automatic Stay; (VI) Scheduling A Final Hearing, And*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their tax identification numbers are as follows: Binder Machinery Co., LLC (4375); Rocbin Investment Corp (8472); Binder Managerial Services, LLC (6394); Binder Realty of South Plainfield, LLC (9202); Binder Realty of Winslow, LLC (4108); and 76 Mendham Road, LLC (8244).

*(VII) Granting Related Relief* [Docket No. 18] (the "DIP Motion"). In support of this Objection, Morris respectfully states as follows:

## RELEVANT BACKGROUND

1. On September 20, 2016 (the "Petition Date"), each of the above-captioned debtors (collectively, the "Debtors") filed a voluntary petition for relief with the Court under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases (the "Chapter 11 Cases") and, as of the date of the filing of this Objection, no official committees have been appointed.

2. Prior to the Petition Date, Morris and related parties entered into certain transactions and provided certain financial accommodations to the Debtors. In connection therewith, to secure the Debtors' obligations to Morris, the Debtors pledged certain collateral to Morris (the "Morris Collateral"). Morris perfected its liens on the Morris Collateral by the filing of appropriate statements provided for under the Uniform Commercial Code[2].

3. By their filing dated September 20, 2016, the Debtors list Morris as a creditor holding an unsecured claim in the amount of $1,412,819.20 [Docket No. 1]. Contrary to the Debtors' assertion, Morris holds a valid and perfected lien on and security interest in the Morris Collateral and, thus, is a secured creditor in these Chapter 11 Cases.

4. By their Motion, the Debtors seek Court approval of post-petition financing from one of their pre-petition lenders, Callidus Capital Corporation ("Callidus"), on a senior secured basis, subject to certain Permitted Liens and Claims.[3] The Callidus post-petition facility is composed primarily of a complete roll-up of its pre-petition indebtedness, as well as approximately $700,000 in new lending contemplated on a post-petition basis.

---

[2] UCC-1 statements were properly filed on or about July 22, 2015 (with respect to certain consigned equipment) and May 20, 2016 (with respect to other assets of the Debtors).

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

5. In addition to obtaining senior post-petition liens and superiority administrative claims on substantially all of the Debtors' assets, including the Morris Collateral, through the Motion and proposed financing order, the Debtors seek to grant Callidus and the other pre-petition Lenders replacement adequate protection liens and superiority liens on substantially all of the Debtors' Assets, including the Morris Collateral. *See* proposed interim order, ¶¶2.1, 2.2, and 2.5.

6. In addition, the proposed interim order requires the Debtors to remit substantially all proceeds realized from the sale of the Debtors' assets to Callidus. *See* proposed interim order, ¶1.4. This provision would require the Debtors to remit to Callidus all sale proceeds realized from the Morris Collateral.

7. The relief sought in the Motion and proposed in the interim financing order treats Morris as an unsecured creditor and, as such, fails to provide Morris with any type of adequate protection on account of its secured claim and interest in the Morris Collateral that is required under the Bankruptcy Code and applicable law.

## **OBJECTION AND RESERVATION OF RIGHTS**

8. Morris files this Objection because the relief sought in the Motion, if approved, would deprive Morris of its interest in the Morris Collateral and fails to provide Morris with adequate protection that is required under the law.

9. Just because the Debtors may dispute the status of Morris' claim (*i.e.*, secured v. unsecured) does mean that the Debtors are entitled to further burden the Morris Collateral with senior liens or dispose of it without remitting the proceeds thereof to Morris. At this early stage of the proceedings, Morris' claim should be preserved pending adjudication, at the appropriate time, of the extent, validity and priority of Morris' liens with respect to the Morris Collateral. Pending such determination, Morris is entitled to adequate protection against the diminution in the value of its collateral.

10. Section 363(c)(2) of the Bankruptcy Code provides that a debtor in possession may not use cash collateral unless (i) each entity that has an interest in such cash collateral

provides consent, or (ii) the court approves the use of cash collateral after notice and a hearing. *See* 11 U.S.C. § 363(c).

11. Section 363(e) of the Bankruptcy Code provides that, "on request of an entity that has an interest in property used . . . or proposed to be used . . . by the [debtor in possession], the court . . . shall prohibit or condition such use . . . as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e). The "general rule is that for adequate protection purposes a secured creditor's position as of the petition date is entitled to adequate protection against deterioration." *In re Armenakis*, 406 B.R. 589, 620 (Bankr. S.D.N.Y. 2009) (emphasis in original) (internal citations omitted).[4]

12. Whatever infirmities the Debtors think may exist with respect to Morris' liens -- and Morris submits that there are no true infirmities -- will be addressed by the Court in due course. The Debtors' rhetoric regarding the nature of Morris' claims and liens does not obviate the need of the Debtors to provide adequate protection for use of cash collateral.

13. The Bankruptcy Code requires a debtor to provide a secured creditor with adequate protection against the diminution in value of the secured creditor's interest in collateral resulting from: (a) the imposition of the automatic stay under section 362; (b) the use, sale, or lease of the property under section 363; and (c) the granting of a lien under section 364. See 11 U.S.C. §§ 361, 362, 363, 364. Adequate protection is designed to maintain the *status quo* for a secured creditor and ensure that, during the ongoing chapter 11 cases, it receives the value it bargained for prior to the petition date. *See In re Swedeland Dev. Group, Inc., 16 F.3d 552 (3d Cir. 1994); In re WorldCom, Inc.*, 304 B.R. 611, 618-19 (Bankr. S.D.N.Y. 2004); *In re 354 E. 66th St. Realty Corp.*, 177 B.R. 776, 782 (Bankr. E.D.N.Y. 1995). What constitutes adequate protection "must be decided on a case-by-case basis." *In re Columbia Gas Sys., Inc.*, 1992 WL

---

[4] The measure of deterioration of a secured creditor's position, or collateral diminution, does not occur just in the first several weeks of the bankruptcy case. Adequate protection must be provided during the pendency of these Cases. *See Grundy Nat'l Bank v. Tandem Mining Corp.*, 754 F.2d 1436, 1440 (4th Cir. 1985); *Bankers Life Ins. Co. of Neb. V. Alyucan Interstate Corp. (In re Alyucan Interstate Corp.),* 12 B.R. 803, 808 (Bankr. D. Utah 1981).

79323, at *2 (Bankr. D. Del. Feb. 18, 1992). The Debtors have the burden of proof on the issue of adequate protection.

14. Under section 363(c)(2) of the Bankruptcy Code, "the debtor may not use cash collateral unless the secured creditor consents, or the court authorizes such use." *In re Metaldyne Corp.*, 09-13412 (MG), 2009 WL 2883045, at *2 (Bankr. S.D.N.Y. June 23, 2009). Absent consent, the debtor "bears the initial burden of proof as to the issue of 'adequate protection.' " *See Wilmington Tr. Co. v. AMR Corp. (In re AMR Corp.),* 490 B.R. 470, 477 (S.D.N.Y. 2013). Because the Motion fails to provide Morris with any adequate protection and otherwise prejudices its rights and claims, Morris does not consent to the Debtors' use of cash collateral and objects to the Motion as set forth herein.

15. In addition, the Debtors are holding certain Morris Collateral on consignment from Morris. Equipment held on consignment does not constitute property of the Debtors or their estates. Further, proceeds from the sale of consigned equipment must be segregated and promptly remitted to Morris. *In re Whitehall Jewelers Holdings, Inc.*, No. 08-11261(KG), 2008 WL 2951974 (Bankr. D. Del. July 28, 2008) (addressing debtor's lack of property interest in consigned goods).

16. Recognizing the Debtors' need for liquidity during these Chapter 11 Cases, Morris requests that the following language is added to any financing/cash collateral order entered in these cases:

> Nothing herein shall impair or affect any rights of Morris BMC Funding, LLC and Joseph D. Morris ("Morris") that arise under or relate to the transactions entered into pre-petition between Morris on the one hand and the Debtors and/or Robert Binder on the other hand, including but not limited to any rights in or to, any security interest in or relating to, or any liens on certain collateral pledged by the Debtors to Morris. Notwithstanding anything contained herein, nothing in this order, or any of the documents or representations submitted or made in connection therewith shall grant any liens, rights, or interests to any person or entity in the collateral pledged by the Debtors to Morris prior to the Petition Date, nor shall Morris' rights related to its collateral be impaired, primed, modified or affected in any way pending agreement of Morris or further order of the Court. Furthermore, until further order of the Court, the

Debtors shall promptly segregate all sale proceeds realized from the sale of Morris collateral.

### **RESERVATION OF RIGHTS**

17. Morris reserves all rights to raise additional and further objections and arguments to the Motion or to seek other and additional remedies and relief at or prior to any hearing on the Motion.

**WHEREFORE**, Morris respectfully requests that the Court (i) deny the Motion unless the order granting the Motion is modified as requested herein and (ii) grant Morris such other and further relief as the Court deems just and proper.

Dated:  September 25, 2016

By: /s/ *Wojciech F. Jung*
Kenneth A. Rosen, Esq.
Wojciech F. Jung, Esq.
**LOWENSTEIN SANDLER LLP**
65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500 (Telephone)
973.597.2400 (Facsimile)

*Counsel to Morris BMC Funding, LLC*