| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| Caption in Compliance with D.N.J. LBR 9004-1<br>**WILSON ELSER MOSKOWITZ**<br>**EDELMAN & DICKER LLP**<br>**Daniel F. Flores, Esq.**<br>**Michael Turner, Esq.**<br>**Timothy R. Wheeler, Esq.**<br>**200 Campus Drive**<br>**Florham Park, NJ 07932-0668**<br>**973.624.0800 (Main)**<br>**973.624.0808 (Fax)**<br>Daniel.Flores@WilsonElser.com<br>Michael.Turner@WilsonElser.com<br>Timothy.Wheeler@WilsonElser.com<br><br>*Attorneys for Komatsu America Corp. and*<br>*Komatsu Financial Limited Partnership* | |
| In re:<br><br>**BINDER MACHINERY CO., LLC, *et al.*,**[1]<br><br>Debtors. | Case No. 16-28015 (KCF)<br>Chapter 11<br>Jointly Administered<br><br>Chief Judge Kathryn C. Ferguson |

## LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE FLOOR PLAN LENDER WITH RESPECT TO THE SECOND AMENDED NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) CURE AMOUNTS RELATED THERETO FILED IN CONNECTION WITH THE DEBTORS' SALE MOTION

Komatsu America Corp. and Komatsu Financial Limited Partnership (collectively, the "***Floor Plan Lender***"), by and through their undersigned counsel, Wilson Elser Moskowitz Edelman & Dicker LLP, hereby submit this limited objection and reservation of rights (the "***Objection***") with respect to the *Second Amended Notice of (i) Debtors' Intent to Assume and Assign Certain Executory Contracts and Unexpired Leases and (ii) Cure Amounts Related*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their tax identification numbers are as follows: Binder Machinery Co., LLC (4375); Rocbin Investment Corp (8472); Binder Managerial Services, LLC (6394); Binder Realty of South Plainfield, LLC (9202); Binder Realty of Winslow, LLC (4108); and 76 Mendham Road, LLC (8244).

2210497v.1

*Thereto* (the "**Second Notice**") [Docket No. 167] filed in connection with the *Application for Entry of an Order (i) Authorizing Debtors to Sell Substantially all Assets Free and Clear of Liens and Encumbrances and (ii) Approving Sale and Auction Procedures in Connection Therewith* (the "**Sale Motion**")[2] [Docket No. 48].  In support of this Objection, the Floor Plan Lender respectfully states as follows:

## BACKGROUND

1. On September 20, 2016 (the "**Petition Date**"), each of the above-captioned debtors (collectively, the "**Debtors**") filed a voluntary petition for relief with the Court under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

2. The Debtors continue to operate their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases (collectively, the "**Cases**").

3. By Order of this Court entered on September 27, 2016, the Cases were procedurally consolidated and are to be jointly administered [Doc. No. 45].

4. On September 28, 2016, the Debtors filed the Sale Motion [Doc No. 48].

5. On October 7, 2016, the United States Trustee appointed an official committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code (the "**Committee**") [Doc. No. 86].

6. On October 18, 2016, the Court entered the *Order Approving Bidding Procedures in Connection with Sale of Substantially All of Debtors' Assets* (the "**Bidding Procedures**

---

[2]  Capitalized terms used but not otherwise defined herein, shall have the meanings ascribed to such terms in the Sale Motion.

***Order***") [Doc. No. 110], which set forth the approved bidding procedures (the "***Bidding Procedures***") as requested in the Sale Motion.

7. The Bidding Procedures specifically provide that "[a]ll Qualified Bids, or combination thereof, must provide for the payment in full of all Obligations of the Debtors to the Floor Plan Lenders, unless the Floor Plan Lenders agree otherwise, in the event that the Komatsu Senior Lien Collateral (as hereinafter defined) is to be purchased." Bidding Procedures Order, ¶ 1(c)(v).

8. The Bidding Procedures also specifically provide that "[a]ll Qualified Bids shall include a list of all executory contracts of the Debtors the Qualified Bidder will require the Debtors to assume and reject, a statement that the Qualified Bidder will assume all cure costs associated with all executory contracts being assumed and sufficient information to satisfy the adequate assurance requirements for the assumption of any executory contracts." Bidding Procedures Order, ¶ 1(c)(vii).

9. On October 27, 2016, the Debtors filed the *Notice of (i) Debtors' Intent to Assume and Assign Certain Executory Contracts and Unexpired Leases and (ii) Cure Amounts Related Thereto* (the "***First Notice***") [Doc. No. 131]. The First Notice stated that "the Bidding Procedures Order, among other thing, (a) established procedures for the (1) assumption and assignment of certain executory contracts and unexpired leases the Debtors may seek to assume and assign to the Successful Bidder in connection with the Sale (collectively, the "Designated Contracts")...." First Notice, p. 2. The First Notice includes a schedule "identifying the Designated Contracts that may be assumed and assigned to the Successful Bidder in connection with the Sale...." *Id*. The schedule attached to the First Notice includes approximately 46 contracts and leases, including one agreement for which the Floor Plan Lender (Komatsu

3

America Corp.) is a counterparty, namely, a "Distributor Agreement" with Debtor Binder Machinery Co, LLC (the "**Komatsu Distributor Agreement**").  *See* First Notice, Exhibit A.

10. The First Notice states that "that the inclusion of a Designated Contract on the Schedule neither is intended nor shall be deemed to be an admission or acknowledgement that such Designated Contract is an executory contract or unexpired lease for purposes of section 365 of the Bankruptcy Code and/or will be assumed and assigned in connection with the Sale." *Id*. Similar language is included in a footnote on Schedule A to the First Notice. *See* First Notice, Exhibit A.

11. On November 14, 2016, the Debtors filed the Second Notice. The Second Notice includes an "amended schedule" (the "**Amended Schedule**") "identifying the Designated Contracts that may be assumed and assigned to the Successful Bidder in connection with the Sale…." Second Notice, p. 2. The Amended Schedule lists approximately 551 Designated Contracts that the Debtors represent "may be assumed and assigned" including the Komatsu Distributor Agreement and approximately 125 financing agreements for which the Floor Plan Lender is the counter-party (the "**Financing Agreements**"). The Amended Schedule also provides a model number description for each piece of equipment or attachment financed under each of the Financing Agreements.

## LIMITED OBJECTION

12. As acknowledged in the *Certification of Robert C. Binder in Support of First Day Motions* [Doc. No. 12], the Floor Plan Lender is the Debtors' largest secured creditor. In connection with the Distributor Agreements (as defined in the Binder Certification) between Binder and the Floor Plan Lender, Floor Plan Lender extended certain secured credit facilities to Binder and Rocbin. The Sale Motion contemplates the sale of all or substantially all of the

4

Debtors' assets, which may or may not include the Floor Plan Lender's collateral, contracts and/or agreements, and/or other assets in which the Floor Plan Lender has an interest.

13. The Floor Plan Lender hereby objects to the inclusion of the Financing Agreements on Schedule A of the Second Notice on the following grounds:[3]

    a. the Financing Agreements are "financial accommodations" as contemplated under section 365(c)(2) of the Bankruptcy Code and therefore may not be assumed or assigned;

    b. such inclusion is inconsistent with the court-approved Bidding Procedures, which specifically require that any Qualified Bid must provide for payment in full of all of the Debtors' Obligations to the Floor Plan Lenders; and

    c. such inclusion is inaccurate and misleading, and could subject an otherwise Qualified Bid to rejection for failure to comply with the Bidding Procedures.

14. First, Bankruptcy Code Section 365 provides in pertinent part that:

> (c) The trustee may not assume or assign any executory contract or unexpired lease of the debtor, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties, if—
> \* \* \*
> (2) such contract is a contract to make a loan, or extend other debt financing or financial accommodations, to or for the benefit of the debtor, or to issue a security of the debtor….

11 U.S.C. § 365(c)(2).

15. The Floor Plan Lender submits that each of the Financing Agreements is a contract to extend a financial accommodation to the Debtors in connection with the financing of floor planned equipment or attachments provided by the Floor Plan Lender to the Debtors.

---

[3] Nothing in this Objection is intended or shall be deemed to be an admission or acknowledgment that any of the Financing Agreements and/or the Komatsu Distributor Agreement are executory contracts or unexpired leases for purposes of section 365 of the Bankruptcy Code, and in that regard, the Floor Plan Lender expressly reserves all available rights.

2210497v.1

Accordingly, pursuant to the Bankruptcy Code, the Financing Agreements are not subject to assumption or assignment and therefore should not be included on the Amended Schedule.

16. Second, the Bidding Procedures specifically provide that "[a]ll Qualified Bids, or combination thereof, must provide for the payment in full of all Obligations of the Debtors to the Floor Plan Lenders, unless the Floor Plan Lenders agree otherwise, in the event that the Komatsu Senior Lien Collateral (as hereinafter defined) is to be purchased." Bidding Procedures Order, ¶ 1(c)(v). The Floor Plan Lenders submit that any and all obligations arising from the Financing Agreements are clearly included in the universe of "Obligations of the Debtors to the Floor Plan Lenders." Thus, any Qualified Bid must specifically include payment in full in cash of any obligations arising under the Financing Agreements, and cannot include assumption of such obligations. Accordingly, the Financing Agreements are not subject to assumption or assignment under the specific provisions of the Bidding Procedures and therefore should not be included on the Amended Schedule.

17. Finally, the Floor Plan Lenders submit that inclusion of the Financing Agreements as Designated Contracts on the Amended schedule is inaccurate, misleading and may be detrimental to certain Qualified Bidders and the asset sale process. As set forth herein, although the Financing Agreements are not subject to assumption and assignment, the Amended Schedule specifically identifies the Financing Agreements as Designated Contracts "that may be assumed and assigned to the Successful Bidder in connection with the Sale," which may lead a potential bidder to believe that assumption of the Financing Agreements could be part of a Qualified Bid.

18. As set forth in the Bid Procedures Order, in order to participate in the Bidding Process and have a submitted bid for some or all of the Debtors' assets be deemed a Qualified Bid, each Qualified Bidder must adhere to all of the Bid Procedures. The Bid Procedures specifically require that a Qualified Bid include a listing of "which of the Debtors' leases and

executory contracts are to be assumed in connection with consummation of the Qualified Bidder's bid." Bid Procedures Order, ¶ 1(c)(2)(5).

19. It follows that any bid including the assumption of contracts or leases (and related cure amounts) that may not be assumed and assigned may not be in compliance with the Bid Procedures. At best the Debtors will not have an adequate basis upon which to compare such a bid with other bids to determine which bid is "highest or best," and at worst, such a bid may not be deemed a Qualified Bid, in either case, arguably through no fault of the bidder. Such results could have a deleterious effect on the bidding process and outcome of the auction and asset sale in that otherwise Qualified Bids could become disqualified and/or rejected. Accordingly, in order to remove any confusion in regard to the eligibility of the Financing Agreements for assumption and assignment as part of a Qualified Bid, and any related harmful effect on the asset sale process, the Amended Schedule should be further modified to delete the Financing Agreements.

## RESERVATION OF RIGHTS

20. The Floor Plan Lender expressly reserves all rights to raise additional and further objections and arguments in connection with the Sale Motion, or to seek other and additional remedies and/or relief at, or prior to, any interim or final hearing on the Sale Motion.

[Signature page to follow.]

2210497v.1

**WHEREFORE,** the Floor Plan Lender respectfully requests that the Court (i) enter an order compelling the Debtors to further amend the Second Notice to remove the Financing Agreements and (ii) grant the Floor Plan Lender such other and further relief as the Court deems just and proper.

Dated: November 18, 2016                **WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

 /s/ *Timothy R. Wheeler*
Daniel F. Flores
Michael Turner
Timothy R. Wheeler
200 Campus Drive
Florham Park, NJ 07932-0668
973.624.0800 (Main)
973.624.0808 (Fax)

*Attorneys for Komatsu America Corp. and Komatsu Financial Limited Partnership*

2210497v.1